IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ERINEO CANO, )<br>  )<br>     Plaintiff, )<br>  )<br>     v. )<br>  )<br>NICOLE TAYLOR, SUSAN KAZ, )<br>MEREDITH MITSIFER, JOHN DOE )<br>MERTENS, DORA SCHRIRO, )<br>  )<br>     Defendants. )<br>_____ ) | CIV 07-02456 PHX ROS (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE ROSLYN O. SILVER:**

This matter is before the Magistrate Judge on referral from the District Judge, and the determination of the Magistrate Judge is dispositive of some of Plaintiff's claims. Accordingly, the following proposed findings of fact, report, and recommendation are made pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. § 28(b)(1)(B) and (C).

Before the Court is Plaintiff's motion at Docket No. 19 to amend his complaint, his motion for leave to supplement his proposed amended complaint, his motion asking the Court to inform him as to the status of his case and his motion asking the Court to extend the time allowed to effect service on Defendants.

**I Procedural background**

Plaintiff, who is now incarcerated by the Arizona Department of Corrections, filed a civil rights complaint on December 4, 2007. On February 7, 2008, the Court, noting Plaintiff has been a party to at least forty cases filed in the Court, ordered Defendants Taylor, Kaz, Mitsifer and Mertens to answer part of Count I of the complaint. See Docket No. 4. These defendants were ordered to answer Plaintiff's claim that they denied him mental health treatment while he was incarcerated at the Special Management Unit of the Florence prison. Id. The Court's order stated:

> The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. ***If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:***
> ***(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and***
> ***(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.*** The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served

-2-

1,2         Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

Id. at 8 (emphasis added).

In the order issued February 7, 2008, Plaintiff was warned that his failure to serve any named defendant within the time specified by the Court, i.e., April 7, 2008, would result in the dismissal of his claims.

Plaintiff returned service packets to the Court for Defendants. The United States Marshal attempted service by mail on Defendants, which service was returned unexecuted on Defendants Taylor, Kaz, Mitsifer, and Mertens. See Docket Nos. 13, 14, 15, 17.[1]  On April 23, 2008, the undersigned ordered the Marshal to undertake personal service on these Defendants as required by the Court's order of February 7, 2008, on or before May 23, 2008. See Docket No. 18. The undersigned has been informed that the United States Marshal will not further attempt to personally serve the named Defendants. There is no indication in the civil docket in this matter as of July 15, 2008, that the United States Marshal did or did not attempt personal service on Defendants.

On May 29, 2008, Plaintiff filed a Motion for Leave to Add Claims and Plaintiff lodged a proposed first amended complaint. See Docket Nos. 19 & 20. Plaintiff has also filed a motion to supplement his first amended complaint. See Docket No. 22. The lodged first amended complaint names the

---

[1] The address given by Plaintiff for all defendants was the Arizona Department of Corrections offices on West Jefferson in Phoenix, Arizona. The civil docket in this matter indicates the envelopes containing service were marked "return to sender".

-3-

same defendants, with the addition of naming Dora Schriro as a defendant. The first amended complaint alleges the violation of Plaintiff's Eighth Amendment rights by Defendants' failure to provide Plaintiff with adequate mental health care while incarcerated at the Special Management Units of the Arizona Department of Corrections' prison. Plaintiff also asserts his First Amendment right to the free exercise of his religion was violated by individuals identified as Henderson, Kelley, Childs, "Richard Row, Joe Blow and Schriro." Plaintiff also asserts he has been denied his right to access the courts.

Additionally, Plaintiff has filed a motion for an extension of the time allowed Plaintiff to serve Defendants with the original complaint and a motion seeking to be enlightened about the status of his case. See Docket No. 21 & Docket No. 23. Plaintiff contends Defendants are willfully evading service.

**II Analysis**

**Plaintiff's motion for leave to file an amended complaint**

Rule 15(a)(1), Federal Rules of Civil Procedure provides: "A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading..." No responsive pleading has been served and, accordingly, the Federal Rules of Civil Procedure require that Plaintiff be allowed to amend his pleadings by filing his first amended complaint.

However, Count II and Count III of the first amended complaint state claims completely separate from the claim the

-4-

defendants were ordered to answer, and the first amended complaint does not name as defendants the individuals specified in the body of the complaint with regard to Count II and Count III, i.e., Plaintiff's free exercise and access to the courts claims. The undersigned suggests that screening of the amended complaint would potentially result in the dismissal of Count II and Count III of the amended complaint without prejudice so that Plaintiff could initiate a separate lawsuit predicated on these claims which involve different events and different defendants than those involved in this matter. Accordingly, the undersigned concludes Plaintiff's motion to "add claims" at Docket No. 19 and Plaintiff's motion to "supplement" his amended complaint at Docket No. 22 be denied.

**Plaintiff's motion for an extension of the time allowed to serve Defendants with the original complaint**

> Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within [the time allowed], the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service). However, the Ninth Circuit has held that the United States Marshal's failure to effect service for a prisoner

-5-

proceeding in forma pauperis constitutes "good cause." See Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)("we hold that an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure.").

> In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'"

Walker, 14 F.3d at 1422.[2] "So long as the prisoner has

---

[2] 28 U.S.C. § 1915(c) provides that the officers of the court "shall issue and serve all process" when a plaintiff is proceeding in forma pauperis. Fed. R. Civ. P. 4(c)(2) dovetails with § 1915(c) by providing that the court must appoint a United States Marshal to serve plaintiff's process "when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915." Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint. [] Byrd v. Stone, 94 F.3d 217, 219-20 (6th Cir. 1996).

-6-

furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause ....'" Id. However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court may, sua sponte, dismiss the unserved defendants. Id., 14 F.3d at 1421-22.

Plaintiff has identified Defendants Taylor, Kaz, Mitsifer and Mertens as employees of the Arizona Department of Corrections who provide mental health services at the Special Management Units of the Arizona Department of Corrections prison at Florence, Arizona. There is no indication as to why attempts to serve these defendants at the ADOC office in Phoenix were unsuccessful and, as noted, the United States Marshal has not attempted personal service on these defendants. Accordingly, Plaintiff has, pursuant to Walker, shown good cause for not timely serving the defendants.

However, the filing of an amended complaint supersedes the original complaint and Plaintiff must now serve the amended complaint on Defendants. Accordingly, the motion for an extension of the time allowed to serve the original complaint is moot.

**III Conclusion**

To the extent this order has not informed Plaintiff as to the status of his case, the undersigned concludes Plaintiff's motion at Docket No. 23 should be denied.

Additionally, the undersigned notes Plaintiff is allowed to amend his complaint once prior to the service of a

responsive pleading. Accordingly, the governing complaint in this matter is now the First Amended Complaint at Docket No. 20. However, because Plaintiff's motion for leave to add claims and Plaintiff's motion to supplement seek to add claims and defendants which would likely be dismissed from this matter upon the screening of the complaint, the undersigned concludes Plaintiff's motion to add claims at Docket No. 19 and Plaintiff's motion to supplement at Docket No. 22 should be denied as futile.

Accordingly,

**IT IS RECOMMENDED that** Plaintiff's motions at Docket No. 19 and 22 should be denied and that the Court should order the screening of the First Amended Complaint at Docket No. 20. If the Court orders service of the First Amended Complaint on Defendants, the undersigned suggests that the Court specify the steps it expects the United States Marshal to undertake to serve Defendants at the address specified by Plaintiff, or whether the Marshal must attempt personal service on Defendants at addresses where mailed requests for waivers of service have been unsuccessful.

**IT IS FURTHER RECOMMENDED that** Plaintiff's motion at Docket No. 21 be denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 14th day of July, 2008.

_____
Mark E. Aspey
United States Magistrate Judge