**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **ERINEO CANO,** | ) |
|     **Plaintiff,** | ) |
|     v. | )   CIV 07-02456 PHX ROS (MEA) |
| **NICOLE TAYLOR, SUSAN KAZ, MEREDITH MITSIFER, JOHN DOE MERTENS, DORA SCHRIRO,** | )   REPORT AND RECOMMENDATION |
|     **Defendants.** | ) |

**TO THE HONORABLE ROSLYN O. SILVER:**

This matter is before the Magistrate Judge on referral from the District Judge, and the determination of the Magistrate Judge is dispositive of some of Plaintiff's claims. Accordingly, the following proposed findings of fact, report, and recommendation are made pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. § 28(b)(1)(B) and (C).

**I Procedural backgrounds**

Plaintiff, who is now incarcerated by the Arizona Department of Corrections, filed a civil rights complaint on December 4, 2007. On February 7, 2008, the Court, noting Plaintiff has been a party to at least forty cases filed in the Court, ordered Defendants Taylor, Kaz, Mitsifer and Mertens to answer part of Count I of the complaint. <u>See</u>

Docket No. 4. These defendants were ordered to answer Plaintiff's claim that they denied him mental health treatment while he was incarcerated at the Special Management Unit of the Florence prison. Id.

On May 29, 2008, prior to the date any defendant was served, Plaintiff filed a Motion for Leave to Add Claims and Plaintiff lodged a proposed first amended complaint. See Docket No. 19 & 20. Plaintiff also filed a motion to supplement his first amended complaint. See Docket No. 22.

Plaintiff returned service packets to the Court for Defendants. Service on Defendants Taylor, Kax, and Mertens was executed on July 9, 2008. See Docket Nos. 26, 27, 28. Service on Defendant Mitsifer was executed on August 8, 2008.

On July 16, 2008, the undersigned filed a Report and Recommendation recommending that Plaintiff's motion for leave to amend his amended complaint be denied and also recommending that his motion to supplement his amended complaint be denied and further recommending that the amended complaint lodged as of right be screened.

On July 23, 2008, Defendants filed a motion [Docket No. 29] asking the Court to screen Plaintiff's amended complaint [Docket No. 20] pursuant to 28 U.S.C. § 1915 prior to requiring Defendants to answer the amended complaint. The amended complaint was filed before Defendants were served with Plaintiff's original complaint.

**II Analysis**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, or

-2-

against an officer or employee of a governmental entity. See 28 U.S.C. § 1915A (2004 & Supp. 2008).[1]

In screening pro se prisoner complaints the Court is obliged to liberally construe the complaint:

> The handwritten pro se document is to be liberally construed. ... [A] pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972)).

There is no respondeat superior liability pursuant to section 1983. To state a claim against a government official, the civil rights plaintiff must allege how the official individually personally participated in the constitutional deprivation or that a governmental supervisory official was aware of the widespread abuses and acted with deliberate indifference to the plaintiff's constitutional rights or failed to take action to prevent further misconduct. See

---

[1]  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
(A) the allegation of poverty is untrue; or
(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2) (2004 & Supp. 2008).

Rizzo v. Goode, 423 U.S. 362, 377, 96 S. Ct. 598, 607 (1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

Plaintiff's amended complaint names the same defendants as his original complaint, with the addition of naming the Director of the Arizona Department of Corrections, Dora Schriro, as a defendant. The first amended complaint alleges the violation of Plaintiff's Eighth Amendment rights by Defendants' failure to provide Plaintiff with adequate mental health care while incarcerated at the Special Management Units of the Arizona Department of Corrections' prison. Plaintiff also asserts his First Amendment right to the free exercise of his religion was violated by individuals identified as Henderson, Kelley, Childs, "Richard Row, Joe Blow and Schriro." Plaintiff also asserts he has been denied his right to access the courts.

Plaintiff has not met the standard for asserting liability on the part of Director Schriro with regard to the mental health care provided by Defendants Taylor, Kaz, Mertens, and Mitsifer as alleged in the standing count of Petitioner's complaint. Accordingly, the undersigned recommends that Director Schriro be dismissed as a defendant and that she not be required to answer the amended complaint.

Count II and Count III of the amended complaint state claims completely separate from the claim the defendants were ordered to answer, and the first amended complaint does not name as defendants the individuals specified in the body of the complaint with regard to Count II and Count III, i.e., Plaintiff's free exercise and access to the courts claims.

-4-

Accordingly, because Plaintiff's proposed amended complaint involves different events than those involved in this suit and the proposed additional claims for relief allege actions by individuals who have not been named as defendants in this suit, i.e., Defendants Mitsifer, Mertens, Kaz, and Taylor, the undersigned recommends that Count II and Count III of Plaintiff's amended complaint be dismissed.

**THEREFORE, IT IS RECOMMENDED that** Count II and Count III of Plaintiff's first amended complaint be dismissed without prejudice.

**IT IS FURTHER RECOMMENDED that** Dora Schriro be dismissed with regard to Plaintiff's Eighth Amendment claims and that she be dismissed as a Defendant in this matter.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections.  Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and

Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 19th day of August, 2008.

_Mark E. Aspey_
Mark E. Aspey
United States Magistrate Judge