WO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erineo Cano,<br><br>    Plaintiff,<br><br>vs.<br><br>Nicole Taylor, et al.,<br><br>    Defendants. | No. cv-07-2456-PHX-ROS<br><br>**ORDER** |

Pending before the Court is United States Magistrate Judge Aspey's Report and Recommendations (Doc. 34). Judge Aspey recommends that Count II and Count III of Plaintiff's First Amended Complaint (Doc. 20) be dismissed without prejudice and that Defendant Dora Schriro be dismissed with regard to Plaintiff's Eighth Amendment claims and as a defendant in this matter. Plaintiff has filed Objections to these recommendations on every point (Doc. 37).

For the reasons described herein, the Court will not adopt Judge Aspey's Report and Recommendations.

## BACKGROUND

Plaintiff is incarcerated by the Arizona Department of Corrections. On December 4, 2007, he filed a civil rights complaint; on February 7, 2008, the Court ordered Defendants Taylor, Kaz, Mitsifer, and Mertens to answer part of Count I of the complaint, alleging that

1 they denied him mental health treatment while he was incarcerated at the Special
2 Management Unit of the Florence prison.

3 On May 29, 2008, prior to service of any defendant, Plaintiff filed a Motion for Leave
4 to Add Claims and Plaintiff lodged a proposed First Amended Complaint. Plaintiff also filed
5 a motion to supplement his First Amended Complaint. Service of Defendants Taylor, Kax,
6 and Mertens was executed on July 9, 2009; Defendant Mitsifer was served on August 8,
7 2008.

8 On July 16, 2008, Judge Aspey filed a Report and Recommendation recommending:
9 that Plaintiff's motion for leave to amend his Amended Complaint be denied; that his motion
10 to supplement his Amended Complaint be denied, and; that the amended complaint lodged
11 as of right be screened.

12 On July 23, 2008, Defendants filed a motion asking the Court to screen Plaintiff's
13 Amended Complaint pursuant to 28 U.S.C. § 1915 prior to requiring Defendants to answer
14 it. The Amended Complaint was filed before Defendants were served with Plaintiff's
15 original complaint.

16 Plaintiff's Amended Complaint names the same defendants as his original complaint,
17 with the addition of naming the Director of the Arizona Department of Corrections, Dora
18 Schriro, as a defendant. It alleges the violation of Plaintiff's Eighth Amendment rights by
19 Defendants' failure to provide Plaintiff with adequate mental health care while incarcerated
20 at the Special Management Units of the Arizona Department of Corrections' prison. It also
21 asserts that his First Amendment right to the free exercise of religion was violated by
22 individuals identified as Henderson, Kelley, Childs, "Richard Row, Joe Blow and Schriro."
23 Plaintiff further asserts he has been denied his right of access to the courts.

24 Judge Aspey filed his Report and Recommendations on August 19, 2008,
25 recommending that Count II and Count III of Plaintiff's first amended complaint be
26 dismissed without prejudice and that Defendant Dora Schriro be dismissed with regard to
27 Plaintiff's Eighth Amendment claims and as a Defendant in this matter.

28

1  Plaintiff filed an Objection to Judge Aspey's Report and Recommendations on
2  September 16, 2008, objecting to each point of the Magistrate Judge's findings.

## STANDARD OF REVIEW

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 USC § 636(b). Where any party has filed timely objections to the magistrate judge's report and recommendations, the district court's review of the part objected to is to be *de novo.* Id.; see also, United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003); Schmidt v. Johnstone, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following Reyna-Tapia, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, but not otherwise.") (internal quotations and citations omitted).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, or against a governmental entity, or against an officer or employee of a governmental entity. 28 U.S.C. 1915A(a). "[T]he court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if" it is "frivolous, malicious, or fails to state a claim," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. 1915A(b).

In screening pro se prisoner complaints, the Court is obliged to liberally construe the complaint:

> The handwritten *pro se* document is to be liberally construed. . . . A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal citations and quotations omitted).

## ANALYSIS

### I. Defendant Schriro

1  Plaintiff alleges that Defendant Schriro "reviewed Plaintiff's grievances, grievance
2  appeals and other written notification which described in detail the ongoing denial of
3  adequate mental health care to Plaintiff, was in a position to take corrective action, but,
4  with deliberate indifference to Plaintiff's welfare, refused to do so." He alleges further
5  that "Defendant Schriro is further liable because she created and implemented mental
6  health treatment policies that are designed to deny mentally ill inmates, including
7  Plaintiffs, the mental health services they need, as stated by defendant Taylor." Judge
8  Aspey found that these allegations did not meet the standard for properly pleading a §
9  1983 claim against Defendant Schriro; Plaintiff objects.

10  There is no *respondeat superior* liability pursuant to section 1983. "State officials
11  are not subject to suit under section 1983 unless they play an affirmative part in the
12  alleged deprivation of constitutional rights." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.
13  1987) (citing Rizzo v. Goode, 423 U.S. 362, 377 (1976)). Nor are they liable under
14  section 1983 "for every injury in which they play some causal role." Escamilla v. Santa
15  Ana, 796 F.2d 266, 269 (9th Cir. 1986).

16  In the medical context, in order to make out an Eighth Amendment violation, "a
17  prisoner must allege acts or omissions sufficiently harmful to evidence deliberate
18  indifference to serious medical needs." Estelle, 429 U.S. at 106. While liability in this
19  context cannot be predicated on *respondeat superior*, it may be predicated on a showing
20  that the supervisory officials themselves "manifested a 'deliberate indifference' to the
21  medical needs of the inmates at the jail. Cabrales v. County of Los Angeles, 864 F.2d
22  1454, 1462 (9th Cir. 1988). Prison or jail officials "show deliberate indifference to
23  serious medical needs if prisoners are unable to make their medical needs known to the
24  medical staff." Id. (quoting Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982)). An
25  affirmative act on the part of the policymaker is not required; "[t]he very notion of
26  deliberate 'indifference' connotes a regime where neglect of detainees' medical and
27  psychological needs proves a constitutional violation." Id. at 1461. Further, mere access
28  to medical personnel is not sufficient; "access to medical staff is meaningless unless that

staff is competent and can render competent care." Id. (citing Hoptowit, 682 F.2d at 1253).

Plaintiff's allegations against Defendant Schriro, which includes allegations regarding health care policies she allegedly personally set and that she denied grievance appeals before her, are sufficient, given the liberality with which this Court is required to construe them, to state a claim. Accordingly, the Report and Recommendations is not adopted on this point. The Eighth Amendment claim against Defendant Schriro will stand.

## II. Counts II and III

The Report and Recommendations recommends dismissal of Counts II and III of the Amended Complaint on the ground that they "state claims completely separate from the claim the defendants were ordered to answer, and the first amended complaint does not name as defendants the individuals specified in the body of the complaint with regard to Count II and Count III."

These Counts indeed allege no improper action by anyone who is a party to the suit, except Defendant Schriro. Plaintiff brings a proper claim against Defendant Schriro who, he alleges, improperly denied grievances brought by Plaintiff regarding his First Amendment rights and his access to courts. Accordingly, these counts will stand as to Defendant Schriro but fail as to any person not party to the suit. That the Counts are not related to the other claims brought by Plaintiff is not a relevant consideration for these purposes.

According,

**IT IS ORDERED** Plaintiff's First Amended Complaint will stand as to all named defendants.

DATED this 5th day of February, 2009.

_____
Roslyn O. Silver
United States District Judge

- 5 -